CASE 37—INJUNCTION AGAINST FRANCHISE TAX—MARCH 25.

# Latonia Agricultural and Stock Association v. Donnelly, Tax Collector, Etc.

APPEAL FROM KENTON CIRCUIT COURT.

REVENUE AND TAXATION—FRANCHISE TAX—SPECIAL PRIVILEGE.—The power to sell, or permit to be sold, on its grounds pools on any and all races that may be run or trotted thereon is a "special and exclusive privilege or franchise not allowed by law to natural persons" within the meaning of section 4077 of the Kentucky Statutes, and subjects the corporation owning it to the payment of a franchise tax.

M. L. HARBESON IN A BRIEF AND SUPPLEMENTAL BRIEF FOR APPELLANT.

The appellant is not liable for franchise tax under section 4077 of the Kentucky Statutes; either (1) because the section embraces all corporations, or (2) because it is of the same kind as the enumerated corporations, or (3) because it enjoys exclusive privileges.

Citations: Ky. Stats., secs. 4077-4078; W. U. Telegraph Co. v. Norman, 77 Fed. Rep., 20; Corrigan v. Coney Island Jockey Club, 2 Delhanty, (N. J.), 512; 2d ed. Am. & Eng. Ency. of L. vol. 7, p. 638; Endlich on Int. of Stat., sec. 405; Ramsay v. Gould, 57 Barb. (N. Y.), 398; Elliott on Private Corporations, secs. 7 and 8; Morawetz on Corporations (2d ed.), sec. 3; 8 Am. & Eng. Ency. of Law, 588.

ROBERT C. SIMMONS FOR APPELLEE.

1. Sections 4077-4078 of the Kentucky Statutes embrace all corporations; but if not,

2. The appellant exercises special and exclusive franchises.

Citations:   Ky. Stats., secs. 4077-4091, 4020, 573, 339, sub-sec. 6; Genl. Stat., ch. 56, sec. 7; W. U. Telegraph Co. v. Norman, 77 Fed. Rep., 13; Morawetz on Corporations, sec. 411 (2d ed.); Beach on Private Corporations, vol. 1, sec. 372; act April 24, 1882; ————

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The appellant seeks to enjoin, in this action, the collection of taxes upon its franchise assessed by the board of valuation and assessment for the year 1897, pursuant to the provisions of section 4077 of the Kentucky Statutes, which provides: "Every railway company or corporation, and every incorporated bank, trust company, guarantee or security company, gas company, water company, ferry company, bridge company, street railway company, express company, electric light company, electric power company, telegraph company, press dispatch company, telephone company, turnpike company, palace- car company, dining-car company, sleeping-car company, chair-car company, and every other like company, corporation or association, also every other corporation, company or association having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons, or performing any public service, shall in addition to the other taxes imposed on it by law, annually pay a tax on its franchise to the State, and a local tax thereon to the county, incorporated city, town and taxing district, where its franchise may be exercised."

Appellant exists by virtue of a special charter granted by the Legislature, which confers upon it, in addition to the usual and ordinary powers granted to private

corporations, the right of perpetual existence, and authority to acquire not exceeding 200 acres of land; and by the fourth section of its charter it is provided that "the association may lay out upon its grounds a track or tracks, course or courses for running or trotting races, and may conduct such races and award such stakes, premiums or purses as it may determine; and it may sell or permit to be sold on its grounds pools on any and all races that may be run or trotted upon its course or grounds."

Appellant is not among the enumerated corporations liable to a franchise tax, nor can it be said to be a like company, corporation, or association to any of those therein designated; and it is liable for the payment of the tax in question, if at all, by virtue of the fact that they have or exercise a special or exclusive privilege or franchise not allowed by law to natural persons.

The chief power and business granted to the appellant by the terms of its charter is the right to conduct a race course, and sell pools on all races that may be run or trotted upon its course. The right to sell pools or permit them to be sold is an important and valuable adjunct to the business which plaintiff is authorized to conduct, and is doubtless a source of considerable profit to it; and without this privilege, in all probability, it would be unable to profitably conduct the enterprise in which it is engaged.

The first question to be determined is whether this is a special and exclusive privilege or franchise not allowed by law to natural persons. The right to sell pools, and in fact simple gaming, without any objectionable accompaniments, was not ordinarily punishable at common law. See 1 Bishop's New Law, p. 1135. But in this State there are statutes making it an offense, either general, or under

328          KENTUCKY REPORTS.          [Vol. 106

Latonia Agr. and Stock Assn. v. Donnelly, Tax Collector, &c.

special circumstances. "Every contract, conveyance, transfer, or assurance, for the consideration, in whole or in part, of money, property, or other thing won, lost or bet in any game, sport, pastime, wager, or for the consideration of money, property, or other thing lent or advanced for the purpose of gaming, or lent or advanced at the time of any betting, gaming, or wagering to a person then actually engaged in betting, gaming or wagering, shall be void." Kentucky Statutes, sec. 1955.

And section 1956 provides for the recovery of the money paid by the loser from the winner thereof, or any transferee of the winner having notice of the consideration, by suit within five years after the payment, transfer, or delivery. By section 1960 the setting up of any machine or contrivance used in betting, whereby money or other thing is won or lost, is made a felony; but by section 1961 it is provided that the provisions of section 1960 shall not apply to persons who sell combination or French pools on any regular race track during the races thereon.

We are of opinion that this provision of appellant's charter legalizes the sale of pools made by it, or under its authority, on its grounds, and protects it against the civil liability denounced by the statute against natural persons who are engaged in the same or similar occupations; and it therefore becomes and is a valuable, special, and exclusive privilege, within the meaning of the statute, and renders appellant liable for the payment of the franchise tax provided by the statute.

In view of the conclusion which we have reached on this point, it will be unnecessary to consider other suggestions made by counsel for appellees as to appellant's liability. For reasons indicated, the judgment is affirmed.